## WINCHESTER *vs.* RIGHTOR.

APPEAL FROM THE COURT OF THE SECOND JUDICIAL DISTRICT FOR THE PARISH OF ASCENSION, THE JUDGE THEREOF PRESIDING.

Where a judgment by default was taken on the second day of the term and on the fourth thereafter, being the last, the defendant filed his answer setting the default aside: *Held,* that the plaintiff was entitled to have the cause set for trial the same day.

EASTERN DIST.  When a cause is called for trial, the party who has not been able to procure
*May,* 1838.    the necessary evidence, shall be entitled to a continuance on satisfying
_____        the court by his affidavit of the materiality of the facts on which he
WINCHESTER     relies to obtain a continuance.
*vs.*
RIGHTOR.

The mere act of taking out summons for witnesses, and handing them to
the sheriff, is insufficient ground on which to obtain a continuance.

A continuance may be granted on the day fixed for the trial, but the mate-
riality of the evidence must be shown and sworn to.

The plaintiff has the absolute right to have his judgment by default
confirmed on the fourth day after it is taken, without the defendant
having any right to set it aside and file an answer.

This is an action by the payee and holder of a draft,
against the acceptor.

The facts of this case are so fully stated in the opinion of
the court, which follows, that it would be useless to recapitu-
late them.

The defendant appealed from judgment rendered against
him, after an unsuccessful attempt to obtain a continuance of
his cause, until the succeeding term of the court.

*Ives,* for the plaintiff, submitted the following points :

1. Judgment of the court below should be affirmed with
ten per cent. damages for frivolous appeal. See opinion of
Judge Nichols, overruling defendant's exception.

2. Defendant in his answer, (p. 3d, of Record,) admits
*that he accepted the draft,* but says that *he had paid it.*

When acceptors *pay* drafts, they generally take them up,
or at least take *a receipt;* no such thing is pretended,
however.

3. Defendant waited till the last minute of " the law's
delay" before he filed his answer ; he took a subpœna to a
distant part of the parish for *delay ;* he applied for a continu-
ance *without affidavit,* which was properly refused ; judgment
went against him, and he has taken this appeal for further
delay. Wherefore plaintiff prays that the judgment of the
court below be affirmed with ten per cent. damages, costs, etc.

*Ilsley* and *Nicholls*, for the appellant, contended, that summonses were taken out for the witnesses, the moment the cause was at issue, which was all that could be done. Time should have been allowed the sheriff to make return of service before the cause was taken up for trial, and the motion for a continuance should have been granted, because there was no time to procure testimony.

2. The judgment by default was set aside by the answer filed to the merits. The defence set up was a good one, and time should have been allowed to produce the proofs. By filing the answer issue was joined; for if the defendant appears on the very day when a definitive judgment by default is about to be rendered against him, and file his answer, the first judgment taken by default shall be set aside. He is then entitled to all the delays and advantages of a cause at issue, and to have a day fixed for trial, so that he may have his witnesses in attendance, &c. *Code of Practice*, 314. 10 *Louisiana Reports*, 546.

3. A cause cannot be set for trial, until answer filed, and then each party has the *legal* right of summoning his witnesses. *Code of Practice*, 463, 469.

4. The motion for a continuance was improperly overruled, for it is obvious the defendant had no time to prepare for his defence, and obtain his proofs and evidence. It is a general rule, that opportunity must be afforded for defence before condemnation. Under the rules of practice of the court, a strong case was made to its discretion. The cause should therefore be remanded. *Code of Practice*, 464, 468. 1 *Louisiana Reports*, 114, 231.

*Bullard, J.*, delivered the opinion of the court.

This is an action against the acceptor of a bill of exchange, by the original payee. The defendant is appellant from a judgment rendered against him under the following circumstances :

Citation was served personally on the 6th of September, and the term of the court commenced on the 9th of October, and terminated by law on Saturday of the same week. On

EASTERN DIST.
May, 1838.

WINCHESTER
vs.
RIGHTON.

the second day of the term, judgment by default was taken, and on the morning of the 14th of October, the last day of the term, it was set aside, on the filing of an answer, in which the defendant admitted the acceptance, and pleaded payment. Immediately after filing his answer, it appears that the defendant took out subpœnas for his witnesses, and handed them to the sheriff. Before any service could be made, the plaintiff moved that the case should be placed upon the docket, and assigned for trial on the same day. The defendant, on the contrary, moved for a continuance, on the ground, that he had not had time to procure his proof, and that he could not be ruled into a trial until the sheriff should have made return upon the subpœnas ; but the court overruled the motion for a continuance, on the ground, that it was the last day of the term, and that it was incumbent on the parties, to be ready with their witnesses, or to show by affidavit that their testimony was material. A bill of exceptions was taken, upon which the case is presented to the consideration of this court.

Two questions present themselves : 1st. Was the case regularly set down for trial ? and 2d. Was the motion for a continuance properly overruled ?

Where a judgment by default was taken on the second day of the term, and on the fourth thereafter, being the last, the defendant filed his answer setting the default aside: *Held,* that the plaintiff was entitled to have the cause set for trial the same day.

Article 463 of the Code of Practice, makes it the duty of the clerk, as soon as an answer is filed, to set down the cause on the docket, that it may be called in its turn, and a day fixed for its trial. We are to presume that the clerk performed his duty, and nothing proves the contrary. We are also to presume that the case was regularly called, in order to be fixed for trial. If the plaintiff had a right, as we think he had, to have the cause set down for trial during the term, the court could not choose, but set it down on the only remaining day of the term. It was not the fault of the plaintiff that it was not sooner done. If the defendant had chosen to put the case at issue, earlier in the term, and to prepare for his defence, he might have done so ; and he cannot reasonably complain, that the only remaining day was assigned for the trial, when he knew that no other day could by law be.

The continuance was, in our opinion, properly refused. The next article (464) provides, that when the cause is called, in order to be set for trial, as we understand it, the party who has not been able to procure the *necessary* evidence shall be entitled to a continuance. But the court must be satisfied by affidavit of the facts, upon which the party relies, for a continuance. The mere act of taking a subpœna from the clerk and handing it to the sheriff, does not satisfactorily show the necessity or materiality of the testimony of the witnesses. It is true that a continuance may be granted on the day fixed for trial, but the party must then show the materiality of the evidence wanted. But article 466, gives the right of the party against whom a continuance is claimed, to require a disclosure on oath of the fact which his adversary intends to prove by the absent witnesses, in order to enable him, if he thinks proper, to admit such facts on the trial.

All these articles appear to us to exclude the idea that a continuance may be obtained, unless by consent, without showing the necessity of further delay. A different construction of the code would give to parties in courts when the terms are short, a delay of six months, whenever they think proper to avail themselves of their privilege, not to file an answer until the third day after a judgment by default.

We are confirmed in our view of this subject by another consideration, and that is, that the plaintiff would have been entitled by law to a final judgment, on proving his demand, upon the day on which the answer was filed, if the judgment by default had not been set aside, article 312 ; of that right the defendant could not allege ignorance, and he should not be permitted to defeat it without showing that justice required a further delay.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

EASTERN DIST.
*May,* 1838.

WINCHESTER
vs.
RIGHTOR.

When a cause is called for trial, the party who has not been able to procure the necessary evidence, shall be entitled to a continuance, on satisfying the court by his affidavit, of the materiality of the facts on which he relies, to obtain a continuance.

The mere act of taking out summonses for witnesses, and handing them to the sheriff, is insufficient ground on which to obtain a continuance.

A continuance may be granted on the day fixed for the trial, but the materiality of the evidence must be shown and sworn to.

The plaintiff has the absolute right to have his judgment by default, confirmed on the fourth day after it is taken, without the defendant having any right to set it aside and file an answer.